UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-22472-JEM (Martinez/Becerra)

LARKIN EMERGENCY PHYSICIANS, LLC, a
Florida Corporation (o/b/o Member # W236761281),

       Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, a
Foreign Corporation,

       Defendant.
_____/

**DEFENDANT AETNA LIFE INSURANCE COMPANY'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO CONSOLIDATE FOUR MATTERS PENDING IN THE SOUTHERN DISTRICT OF FLORIDA THAT INVOLVE COMMON QUESTIONS OF LAW AND FACT AND <u>UNOPPOSED</u> MOTION FOR ENLARGEMENT OF TIME <u>TO RESPOND TO PLAINTIFF'S COMPLAINT</u>**

Defendant, Aetna Life Insurance Company ("ALIC"), seeks entry of an order consolidating the four substantially similar actions that Plaintiff brought against ALIC into a single action.[1] Plaintiff filed four complaints that each allege the *same* counts, which assert the *same* legal theories of recovery against the *same* party (ALIC) based on substantially similar facts and circumstances. Simply put, all four matters share common issues of law and fact. As discussed in

---

[1] The matters to be consolidated involve the same parties and the same counsel. Each of their case numbers are listed here in the order in which they were filed: (i) 1:21-cv-22472-JEM; (ii) 1:21-cv-22473-KMW (iii) 1:21-cv-22474-DPG; (iv) 1:21-cv-22475-RNS. The complaint in each matter is an exhibit to the notice of removal [D.E. 1]. The instant action has the oldest Southern District of Florida case number.

more detail below, these four matters should be consolidated to avoid unnecessary cost and delay, as well as the risk of inconsistent outcomes.

**BRIEF INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

1. Plaintiff filed multiple nearly identical actions against ALIC in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida in May of this year. On July 9, 2021, ALIC removed four of those actions because all are completely preempted by ERISA. *See* ALIC's notice of removal [D.E. 1]; *see also* Civil Cover Sheet [D.E. 1-1] indicating that all four Preempted Claims are "related." The four matters that ALIC seeks to consolidate are referred to in this motion as the "Preempted Claims."

2. Though they were filed as four separate matters, each of the Preempted Claims allege the ***same*** counts asserting the ***same*** legal theories of recovery; they are each between the ***same*** parties — Plaintiff and ALIC — who are represented by the ***same*** counsel in each matter; and they each arise from substantially similar facts and circumstances.

3. More specifically, Plaintiff claims — in each and every one of the Preempted Claims — that ALIC denied coverage or under-reimbursed it for purported emergency services that it asserts it provided to members of health plans (*i.e.*, patients) associated with ALIC.

4. Plaintiff purports to assert the ***same*** three counts in all four matters: (1) a comingled claim for breach of contract and breach of certain Florida Statutes that govern reimbursement to a healthcare provider under specific circumstances; (2) an independent claim for breach of inapplicable Florida Statute § 641.513 (which plaintiff also improperly attempts to comingle with the plan); and (3) a claim for unjust enrichment.

5. Each of the Preempted Claims involve substantially similar facts, which will require the same type of party and nonparty discovery that will be applied to the same legal

questions. This includes, among other overlapping issues, an investigation into whether the services meet the statutory definition of emergency services and care, as well as an inquiry into how Plaintiff could be entitled to *additional reimbursement* beyond what ALIC and its member (*i.e.*, the patient) already paid based on the identified statutory duties.

6. Further, each of the four matters ALIC seeks to consolidate are preempted by ERISA as alleged because they involve disputes over whether the plan fiduciary properly exercised its discretion in administering plan benefits. This common question of law will be addressed in all four Preempted Claims once the issue of consolidation is addressed.[2]

7. Further emphasizing the similarity between the Preempted Claims, Plaintiff filed form complaints for all four matters, which were only adjusted to account for unique and, in the context of discovery, minor differences — like the patient's member number.

8. Based on the above, and as explained below, all four of these cases should be consolidated in the interests of judicial efficiency and economy — and to avoid the likelihood of inconsistent rulings and outcomes.

9. Litigating these four cases in a piecemeal fashion will not only strain judicial resources but also those of both parties. It would also likely lead to potentially costly and inconsistent rulings on similar issues of fact and law.

    **I.**    *Consolidation Will Promote Efficiency And Prevent Inconsistent Outcomes*

10. The Federal Rules provide that, when "actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a). The rule's

---

2. *See, infra*, § II, showing good cause in support of an enlargement of time to respond to the complaint until after consolidation is decided.

application is within the discretion of the district court. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F. 2d 1492, 1495 (11th Cir. 1985).

11. In exercising their discretion, the Eleventh Circuit requires District Courts to consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id*.

12. In *Hendrix*, the Eleventh Circuit reviewed a district court's order consolidating 44 personal injury claims brought by different individuals, all of which allegedly arose from exposure to asbestos by men who worked in similar trades during the same rough time period. *Id.* The matters shared common issues of law and substantially similar – yet slightly different – issues of fact. *Id.* The district court properly considered but rejected plaintiff's argument that the minor differences between the specific plaintiffs would "make it difficult for the jury to consider each claim on its own merit." *Id.* In affirming the district court's analysis, the Eleventh Circuit also noted that these concerns could be addressed "by utilizing cautionary instruction to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." *Id*. at 1495.

13. When faced with these issues, this Court has applied the *Hendrix* analysis to consolidate two substantially similar matters because "[t]here are issues of law and fact that are common to both actions. *Gainor v. Bryan Holdings, LLC*, 06-21748-CIV, 2009 WL 10668297, at *1 (S.D. Fla. Sept. 2, 2009) (J. Martinez). In weighing the *Hendrix* concerns against the benefits of consolidation, this Court reasoned that "[c]onsolidation would not significantly prejudice either

party. . . . [because] by consolidating the actions, the Plaintiffs and Defendants . . . will now only have to appear once rather than twice. Furthermore, consolidating the two cases promotes judicial efficiency because the same witnesses would likely be used in both trials and the Court would not be faced with redundant proceedings." *Id*. *1–*2. Other courts within Florida's Southern District have found consolidation to be appropriate under similar circumstances. *See, e.g., Family Dining, Inc. v. Burger King Corp.*, 2010 WL 11506103, *2 (S.D. Fla. July 16, 2010) (consolidating actions because the primary legal and factual issues overlapped and rejecting argument that relatively minor issues, like different alleged damages, were insufficient to outweigh the benefits of consolidation.).

14. And as recently as last December, a district court for the Southern District of Florida ordered consolidation of three separate matters involving the same legal claims and substantially similar facts to those Plaintiff raises here. *See, e.g., Vanguard Aesthetic Plastic Surgery, PLLC v. Aetna Life Insurance Co.*, S.D. Fla. Case No.: 20-61666-civ-ALTMAN/Hunt (S.D. Fla. December 14, 2020) (order consolidating three matters brought by provider seeking additional reimbursement for purportedly "Emergency Services and Care" rendered to a member of Aetna's health plan because they involved "a common question or law or fact"). The *Vanguard* Court was faced with three separate suits brought by an emergency medicine provider seeking additional reimbursement pursuant to Fla. Stat. §§ 627.64194 and 641.513 – the very same claims brought by Plaintiff here. In weighing the *Hendrix* factors, the Southern District determined in *Vanguard* that the benefits of consolidation substantially outweighed any potential of unfair prejudice to either party given identity of legal issues and substantial similarity of facts in controversy.

15. Here, each of the *Hendrix* factors weigh in favor of consolidation. Just like in *Vanguard,* there are undisputedly overlapping issues of fact and law – even more so in this case

because, unlike the *Vanguard* claimant, Plaintiff here uses the same form complaint in all four Preempted Claims. The parties have already discussed and agree that there will be overlapping witnesses. And written discovery served on the parties and nonparties will be overlapping or substantially similar such that it would create an undue burden on judicial resources – and pose a significant risk of inconsistent discovery-related, dispositive and other rulings – if the matters were litigated separately.

16.   The trial and pretrial process will be accelerated due to consolidation because, just like in *Gainor, Family Dining, and Vanguard*, all pre-trial efforts, most notably discovery, can be handled more efficiently and consistently in a single matter than across four different actions. This will avoid inconsistent rulings and findings of all kinds, including discovery-related rulings, dispositive motions, motions *in limine*, and verdicts and final judgments. Consolidation will promote these benefits throughout discovery, dispositive motion practice, trial and other phases of litigating and trying this dispute.

17.   Consolidating these four matters into a single one would also eliminate the need for duplicative trials involving the same legal theories, the same parties and substantially similar facts and circumstances.

18.   On the other hand, just like in *Gainor*, no unfair prejudice would befall either party if the matter were to be consolidated. To the contrary, consolidation would allow for more efficiencies throughout the pretrial process, including consolidated pleadings and related motions, as well as consolidated written discovery, discovery motion practice, if necessary, and depositions. And to the extent the discovery process reveals any potential for confusing the finder of fact, these concerns may be addressed "by utilizing cautionary instruction to the jury during the trial and

controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation," as noted by the Eleventh Circuit in *Hendrix*.

19. Accordingly, because consolidation would allow the parties to more efficiently resolve this matter, neither party would be deprived of a substantive right as a result of consolidation. To the contrary, allowing the parties to more quickly resolve all four matters in a consistent and more cost-effective manner would benefit both parties.

20. Based on the above, all four Preempted Claims should be consolidated into this matter and Plaintiff should be required to file a consolidated complaint before this Court.[3]

## II. *ALIC Requires An Enlargement Of Time Respond To Plaintiff's Initial Pleadings Until Consolidation Has Been Addressed*

21. The Chief Financial Officer forwarded service of process in this matter to ALIC on July 2, 2021. Accordingly, ALIC's response to Plaintiff's complaint is presently due by July 23. 2021. Fed.R.Civ.P. 12(a)(1)(A)(i).

22. ALIC's pending motion to consolidate may impact the initial pleadings such that responding at this time would constitute a judicial waste. Specifically, ALIC requests that the four Preempted Claims be consolidated and that Plaintiff be required to file a consolidated complaint. In addition, consolidating the matters will have an impact on how motions directed at initial pleadings will be handled, how the parties will conduct discovery, and other significant procedural and substantive aspects of the Preempted Claims.

23. Accordingly, good cause supports entry of an Order enlarging the time within which ALIC must respond to the complaint in this matter until a reasonable time after the

---

3. Immediately after filing this motion to consolidate and for enlargement of time, ALIC filed motions to transfer in each of the other three matters with older Southern District of Florida case numbers.

consolidation issues are addressed. ALIC therefore respectfully requests entry of an Order granting it an enlargement of time to respond until the later of 20 days after Plaintiff is required to file a consolidated complaint or 20 days after ALIC's motion to consolidate is otherwise addressed.

24. Alternatively, ALIC requests a 20 day extension of time to respond to Plaintiff's complaint in this matter.

25. **Certificate of Good Faith Conference Pursuant to Local Rule 7.1(a)(3)**. Prior to filing this motion to consolidate and for enlargement of time, counsel for ALIC conferred with counsel for Plaintiff who advised that Plaintiff **opposes** consolidation but **does not oppose** the requested enlargement of time.

**WHEREFORE** Defendant, Aetna Life Insurance Company, respectfully request entry of an Order consolidating the four Preempted Claims involving the same or affiliated parties, same counsel, same legal theories and substantially similar circumstances into a single matter before this Court, granting ALIC an enlargement of time to respond to Plaintiff's complaint until at least 20 days after the Court addressing consolidation, and awarding ALIC any other relief deemed appropriate.

<table>
<tr><td>Dated:  July 23, 2021<br>West Palm Beach, FL</td><td>Respectfully submitted,<br><br>*s/ David J. DePiano*<br>DAVID J. DePIANO, ESQ.<br>Florida Bar No. 55699<br>E-Mail:  ddepiano@foxrothschild.com<br>CAMERON A. BAKER, ESQ.<br>Florida Bar No. 125825<br>E-Mail:  cbaker@foxrothschild.com<br>Fox Rothschild LLP<br>777 S. Flagler Dr., Suite 1700<br>West Palm Beach, Florida 33401<br>Telephone:     (561) 835-9600<br>Facsimile:      (561) 835-9602<br><br>*Attorneys for Defendant Aetna Life Insurance Company*</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2021, the foregoing document is being electronically filed with the Clerk of Court using CM/ECF and is being served on all counsel of record identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.

## **SERVICE LIST**

*Larkin Emergency Physicians, LLC (o/b/o Member W#236761281)*
*v. Aetna Life Insurance Company*
Case No.: 1:21-cv-22472-JEM (Martinez/Becerra)
United States District Court, Southern District of Florida

| | |
|---|---|
| Patrick R. Sullivan, Esq.<br>E-Mail: prs@lubellrosen.com<br>Mark L. Rosen, Esq.<br>E-Mail: mlr@lubellrosen.com<br>Sean B. Linder, Esq.<br>E-Mail: sbl@lubellrosen.com<br>Lubell \| Rosen<br>Museum Plaza, Suite 900<br>200 S. Andrews Ave.<br>Ft. Lauderdale, FL  33301<br>Tel:   (954) 880-9500<br>Fax:  (954) 755-2993<br>Attorneys for Plaintiff<br>*Via CM-ECF* | David J. DePiano, Esq.<br>E-Mail: ddepiano@foxrothschild.com<br>Cameron A. Baker, Esq.<br>E-Mail: cbaker@foxrothschild.com<br>Fox Rothschild LLP<br>777 S. Flagler Dr., Suite 1700<br>West Palm Beach, FL 33401<br>Tel:   (561) 835-9600<br>Fax:   (561) 835-9602<br>Attorneys for Defendant<br>*Via CM-ECF* |