UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-22472-JEM (Martinez/Becerra)

LARKIN EMERGENCY PHYSICIANS, LLC, a
Florida Corporation (o/b/o Member #
W236761281),

        Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, a
Foreign Corporation,

        Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
CONSOLIDATE FOUR MATTERS PENDING IN THE
SOUTHERN DISTRICT OF FLORIDA**

Plaintiff, LARKIN EMERGENCY PHYSICIANS, LLC ("Plaintiff" or "Larkin Emergency Physicians") hereby responds in opposition to Defendant, AETNA LIFE INSURANCE COMPANY's ("Aetna"), *"Motion and incorporated memorandum of Law to Consolidate four matters pending in the Southern District of Florida…"* ("Motion") and for the reasons stated herein, the Motion should be summarily denied:

**INTRODUCTION**

On May 17, 2021, the Plaintiff Larkin Emergency Physicians, LLC ("Larkin") filed an action against the Defendant Aetna Life Insurance Company ("Aetna") in the County Court for the Eleventh Judicial Circuit of Florida (Miami-Dade County, Florida) seeking recovery of the usual and customary value of emergent and/or non-emergent medical services the Plaintiff provided to members enrolled in the exclusive provider organization ("EPO") insurance plan owned, operated and administered by the Defendant.  Plaintiff filed twenty-two (22) separate

actions in County Court all involving *different* physicians, *different* patients, and *different* Current Procedural Terminology ("CPT") codes. Aetna sought to remove four of these actions pursuant to 28 U.S.C. §§1331 and 1441(a) as an action which allegedly triggers the Employee Retirement Income Security Act of 1974's ("ERISA") complete preemption doctrine and presents a federal question. (*See*, ECF No. 1). In response, Larkin filed its *Motion to Remand and incorporated memorandum of law..* ("Motion to Remand") which sets forth that Plaintiff's independent state law claims against Aetna for violation of contractual and legal duties owed, concerning the rate of reimbursement—not the *right* to reimbursement—for emergency services provided to members of Aetna's health insurance plan who presented to Larkin Emergency Physicians at Larkin Community Hospital. ECF No. 9 at P. 2 ¶3. Furthermore, Plaintiff's claims arise from duties independent of an ERISA plan and therefore, are not pre-empted by ERISA, and no federal question is presented. *Id*.

On July 23, 2021, Defendant filed their Motion to Consolidate alleging that four actions are "substantially similar" and share substantially similar facts and circumstances (*See*, ECF No. 6), yet fail to state that no discovery has been exchanged and no information has been provided to the Plaintiff that would support the relief sought in either motion.  In fact, Plaintiff's claims concern *different* Florida statutes, policies, patients, physicians, health conditions, treatment types, CPT codes and payment rates and therefore, are not appropriate for consolidation. Neither the complexity, severity, nor having the same Plaintiff and Defendant would justify the prejudice to the Plaintiff in disclosing confidential Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and would increase—not reduce—attorney time spent in examining these claims.

## FACTUAL BACKGROUND

Plaintiff is a group of emergency room physicians who provide emergency services in

the Emergency Department at Larkin Community Hospital. Compl. at ¶6. Plaintiff is required by Florida law to examine and provide services to *all* individuals presenting to the emergency department, without consideration of an individual's insurance coverage or their ability to pay. Compl. at ¶7. Plaintiff and Defendant have not entered into any participation agreement (Compl. at ¶17), meaning Plaintiff is an "out-of-network" provider seeking reimbursement for "out-of-network" claims. Compl. at ¶18.

Plaintiff is obligated by law to examine any individual presenting to the emergency department and to provide treatment, regardless of the individual's insurance coverage or ability to pay. Compl. at ¶7. The care rendered by Plaintiff at Larkin Community Hospital was either properly authorized or required no such authorization for the specific treatment rendered. Compl. at ¶7. The Complaint alleges that the "[a]uthorization issued by Defendant encompasses medically necessary ancillary services ordered in the course of the treating physician's treatment plan". Compl. at ¶70. The parties did not mutually agree on a rate to be paid for this claim. Therefore, Defendant was obligated to pay either Plaintiff's charges or the usual and customary provider charges in the community where the services were provided. Compl. at ¶48. …[T]he payment made by Defendant was less than the Plaintiff's charges and less than the usual and customary provider charges in the community where the services were provided. Compl. at ¶49.

At all relevant times, Plaintiff provided emergency medical services to the Member who was covered under Defendant's Florida-licensed EPO insurance policy (the "Policy") which was in full force and effect at the time of the medical services provided herein. Compl. at ¶15, 16.

The Plaintiff billed Aetna pursuant to its established fees for the emergency medical

services provided to Member patients with the understanding that Aetna would comply with its legal obligations to pay Plaintiff either the billed amount or, where different, the usual and customary rate of the services provided. Compl. at ¶59, 63.

Plaintiff filed this action against Aetna on May 17, 2021, in the County Court of the Eleventh Judicial Circuit, Miami-Dade County Florida, and served the Complaint on Aetna through the Secretary of State on June 10, 2021.

In its Complaint, Plaintiff alleges that Plaintiff timely submitted its claims to Defendant who determined they were for covered services and paid some, but not all of the amount sought by Plaintiff, which below both: (1) the "usual and customary provider charges" in violation of § 641.513(5), Florida Statutes (2016), for claims subject to that section; and (2) below the usual, customary  reasonable value of the services in a geographic area based on what providers in the area usually charge for the same or similar medical service. in the marketplace, for claims not subject to the Florida statute.

In its Motion, the Defendant argues that consolidation is proper because each matter shares common issues of law and fact. Specifically, the crux of Defendant's Motion is that each of the four actions pending in this Court are preempted by ERISA. This is inaccurate, however, as each of Plaintiff's actions involve the ***rate*** of reimbursement and not the ***right*** to reimbursement. Plaintiff is not seeking relief pursuant to ERISA. Rather, Plaintiff is seeking relief pursuant to Florida state law and the policy, itself. To quiet this issue, Plaintiff has previously filed its response in opposition to Defendant's Notice of Removal and Motion for Remand under a separate cover. *See*, ECF No. 6.

Each of the twenty-two cases pending in County Court, including the four pending before this court in the Eleventh Judicial Circuit, Miami-Dade County Florida Court, are completely

independent of each other.  Each involve: (a) different patients treated; (b) different patient conditions; (c) different health care services provided; (d) different dates of service; (e) separate health insurance contracts for each patient; (f) potentially different Florida statutes; (g) different amounts of payments at issue; (h) different CPT codes; (i) different physicians; (j) different reason codes purporting to warrant Defendant's denial to pay the claim or portions thereof; and (k) Defendant has paid Larkin Emergency Physicians' claims at different rates and with a different methodology seemingly at random from patient to patient.

Further, the Honorable Linda Singer Stein heard a similar motion to consolidate in cases styled *Digestive Medicine Histology Labs, LLC v. Celtic Ins. Co.* (case nos. 2019-010227-SP-23 and 2019-010230-SP-23) on September 10, 2019, and on October 8, 2019, issued an order denying Celtic's motion to consolidate, specifically finding that, as the cases involved different Florida statutes, policies, patients, physicians, health conditions, treatment types, CPT codes and payment rates they were not appropriate for consolidation.  A copy of Judge Linda Singer Stein's Order Denying Defendant's Motion to Consolidate and Transfer is attached and incorporated hereto as Plaintiff's **Exhibit "1"**. Other than applicability of the HMO Statutes, none of these cases have common facts.  It's tantamount to arguing that all PIP suits should be consolidated into a single large PIP suit since each involve Florida Statute 627.736.

This issue was appealed by Celtic to the Eleventh Judicial Circuit of the Court of Appeals, who dismissed the Petition for Certiorari its entirety for lack of jurisdiction. The Court went further to address the issue at bar stating that even if the Court had jurisdiction over the matter, that the fifteen small claims cases alleged incidents "involving different patients, different allegations of medical necessity, different policies and different exigencies justifying out-of-network insurance claims" and therefore, it was well within the trail court's discretion to deny the motion to

consolidate. *See*, *Celtic Ins. Co. D/B/A Ambetter for Sunshine Health, v. Digestive Medicine Histology Lab, LLC, et al.*, Case Nos. 2019-299-AP-01, consolidated with 2019-300-AP-011. A copy of the Order of dismissal is attached and incorporated hereto as Plaintiff's **Exhibit "2"**.[1] Here too, aside from the names of the parties, the cases are entirely distinct and do not present common questions of fact or law and therefore, Defendant's Motion should be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(a) allows for consolidation of actions before the Court if they "involve a common question of law or fact.  Fed.R.Civ.P. 42(a). Further, "[w]hen actions involving a common question of law or fact are pending before the court, it *may* order a joint hearing or trial of any or all the matters in issue in the actions; it *may* order all the actions consolidated; and it *may* make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a) (emphasis added). Therefore, "[a] district court's decision whether to consolidate is 'purely discretionary.'" *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). When exercising its discretion to consolidate, this Court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.
>
> *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495).

The Eleventh Circuit has identified several factors for courts to consider when determining

---

[1]     Aetna has moved for similar relief in another matter in the County Court of the Thirteenth Judicial Circuit of Florida and the Court denied consolidation in that case as well. *See*, Exhibit 3.

whether to consolidate several lawsuits, including:

> (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

*Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2020 WL 2569319, at

*1 (S.D. Fla. May 21, 2020).

## ARGUMENT

I.   **AETNA IS UNABLE TO MEET ITS BURDEN AS MOVANT FOR CONSOLIDATION BECAUSE ANALYSIS OF THE FIVE CONSOLIDATION FACTORS DOES NOT FAVOR CONSOLIDATION.**

Federal law places the burden of proof on the moving party to establish that a motion put

before the court should be granted. Aetna's argument for consolidation does not analyze or even

reflect upon each of the five factors enumerated in *Hendrix* as recommended by Federal

jurisprudence. *Hendrix*, 776 F.2d at 1495. Rather, Defendant only argues and appears to imply that

judicial efficiency and a risk of inconsistent outcomes outweighs rest of the *Hendrix* factors.

However, consolidating these four matters will do quite the opposite of what the Defendant argues.

In its Motion, Defendant indicates that this Honorable Court previously Ordered

consolidation of three separate matters in volving the same legal claims and similar facts that the

Plaintiff has raised in each of its claims. Interestingly, a review of the docket reveals that there was

no motion filed by the defendant requesting such consolidation, nor is there an objection by the

Plaintiff on record. In the present case there is a clear dispute between the parties on this issue, to

which we seek a ruling from this Honorable Court.

Consolidation presents a risk of increased cost and burden on the parties and witnesses,

confusion, prejudice, and potential harm. Further, considering that each case involves different

determinations as to law and fact, including different CPT codes, consolidation will obstruct judicial efficiency and potentially deprive Plaintiff of its substantive rights. No discovery has been exchanged, nor has the Defendant filed an Answer to Plaintiff's Complaint. The extent to which each case shares common questions of law and fact, if any, are unknown. As such, Aetna is unable to meet its burden and it is evident by reviewing the *Hendrix* factors that Aetna's requested consolidation of these four matters must be denied.

### A. Consolidation will not promote judicial efficiency, reduce the burden on parties or witnesses, nor prevent inconsistent outcomes

Requests for consolidation should not be granted where consolidating the matters would deprive either party of a substantive right. *See infra, Hendrix*, 776 F.2d at 1495; *Consumer Fin. Prot. Bureau* 2020 WL 2569319, at *1. While these cases share substantially similar causes of actions, it is clear that the facts supporting those causes of action are distinct. The patients received different treatment from different doctors, have different health insurance policies and health plans that may have significant variations regarding their practices, policies, and procedures. Each of these may drastically changes coverage and calculation of out-network reimbursement, thus the trial will require various types of evidence from different experts and fact witnesses to establish damages. The inherent risk of confusion among these issues exposes a risk of depriving the Plaintiff of a substantive right.

Consolidating four distinct claims with different facts, CPT codes, contracts, issues, and damages will not work to promote to judicial efficiency. Precedent suggests that consolidation should be considered when it will serve to narrow the issues. *Orange & Blue Constr., Inc., v. Evanston Ins. co.*, No. 19-CV-81706, 2020 WL 6323906, at *2 (S.D. Fla. Mar. 12, 2020). For instance, *Hendrix* involved forty-four (44) workers in the insulation industry who contracted asbestosis, a progressive and incurable lung disease. *Hendrix* 776 F.2d at 1494. Each worker filed

separate lawsuits alleging that the appellants were negligent in failing to warn them of the risk of contracting asbestosis by not wearing a respirator that would prevent inhalation of asbestos. *Id.* Each worker worked at the same job site during the same time frame in Savannah, Georgia. *Hendrix* 776 F.2d at 1496. Each worker was treated by the same physician and their medical prognoses were nearly identical. *Id.* Under these circumstances, it was reasonable for the Court to conclude that consolidation was appropriate.

The four matters subject to Defendant's request do not share the degree of commonality that was found in *Hendrix*. Each claim involves different patient-assignors that presented to the emergency room at Larkin Community Hospital by way of unique circumstances. Each patient presented with unique medical conditions, resulting in unique prognoses, and subsequent claims for reimbursement. Therefore, each matter calls for its own determination of medical necessity and an analysis of the processes by which the Defendant took to adjust each claim.  Further, each case may involve different insurance policies and insurance coverage.

As it is still very early in the pendency of these four claims, the seminal legal issues, damages calculations, specific witnesses, and evidence to be presented by either side are unknown, as are Aetna's affirmative defenses. There is no evident rationale for the Defendant's underpayment of the claims in each case.  There is nothing to suggest that there is a single policy at work in Defendant's reasoning for underpayment of the claims.  There is nothing to suggest that the same adjuster adjudicated all 4 claims. Rather, each case will need to be evaluated on a factually intensive bill-by-bill and case-by-case basis. Plaintiff will have to prove Defendant was required to pay each particular bill and Defendant will be entitled to raise any appropriate defenses.

Plaintiff anticipates that testimony at trial will be proffered by the treating physicians,

including but not limited to those in the emergency room,  an expert to testify as to medical necessity of the underlying treatment ordered, an expert to testify as to the damages amount, and the adjusters who handled the claims  As Defendant has not filed an answer to the Plaintiff's Complaint to date, it is impossible to know whether individual affirmative defenses will be asserted. The testimony of all of these witnesses would be inherently unique to a specific patient and would not be repetitive nor overlapping. Nonetheless, to the extent that there is overlap in discovery, the parties may decide amongst themselves how to minimize the effort or expense associated with that duplication. *See*, *Int'l Speedway Corp. v. SunTrust Bank*, No. 6:19-CV-1544-Orl-41LRH, 2019 WL 5391181, at \*3 (M.D, Fla. Oct. 22, 2019).  There is no need to consolidate these matters for such economies to be realized.

As illustrated above, consolidating inherently different cases with different issues, witnesses, and calculations of damages, would not serve to decrease costs or delays. Simply trying to arrange witnesses and gather their testimony, both expert and fact, without violating the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") protections afforded to the four patients whose claims are at issue in this matter would only unnecessarily increase both costs and delays. HIPAA places a duty on medical providers and other institutions with access to patient data, such as insurers, to safeguard patients' protected health information ("PHI"). Protecting the PHI of four patients when juggling the testimony of at least four treating physicians, adjusters, and an unknown number of expert and other fact witnesses would be impracticable. While consolidation of matters is intended to preserve the precious judicial resources and streamline litigation, consolidation of these cases would likely have the opposite effect.

Given the length of time anticipated for unique testimony and the different calculation of damages attributed to each patient, Plaintiff estimates that each jury trial will require between two

and three days to complete. For four patients, this equates to a nearly two-week trial at a minimum. As shown by the foregoing, the trial process, and the trial itself would certainly not be shortened by consolidating these matters and doing so would make the case unnecessarily complex. Consolidating these cases would undermine rather than promote judicial efficiency and economy.

Moreover, when the same judge is presiding over separate matters that potentially present common issues of law and fact, any risk of inconsistent verdicts is greatly reduced. In *Orange & Blue* the plaintiff construction company sought a declaratory judgment providing that at least one of its subcontractors had a duty to defend and indemnify it in a separate lawsuit brought by a separate contractor. *Orange &* Blue, 2020 WL 6323906 at *1. To achieve this, plaintiff filed two separate actions against two separate subcontractors. *Id.* Each matter was presided by the Honorable Donald M. Middlebrooks in the Southern District of Florida. *Id.* The defendant insurance company subsequently filed a motion to consolidate both matters, which was opposed by the plaintiff. *Id.* Judge Middlebrooks, while acknowledging that there may be overlap to some extent, denied the defendant's motion because each case involved different subcontractors, insurers, and insurance policies. *Id.* He reasoned that each case required its own determination as to whether the plaintiff was covered by each subcontractor's insurance policy and consolidation would expand each case beyond what was originally intended by the plaintiff. *Id.* The result of which may be confusion among the relatively simple and straightforward issues presented. *Id.* Further, Judge Middlebrooks noted that the risk of inconsistent rulings is "essentially non-existent" as he was presiding over both matters. *Id.* Consolidating the four matters at hand would expand the scope of each case beyond what was intended by the Plaintiff.

## CONCLUSION

Aetna's Motion to Consolidate is premature in the early stages of litigation, where no

discovery has been exchanged and Aetna's affirmative defenses are unknown. It would be prejudicial to the Plaintiff to consolidate these matters when the extent to which any of these cases share common questions of law and/or fact have not been determined. As such, Defendant is unable to meet its burden in proving that consolidation is proper in light of the standard set forth in *Hendrix*.

Aetna will not be prejudiced in allowing the four cases to proceed separately, while Plaintiff will be prejudiced by consolidation. There is no potential for the jury to confuse the facts and legal issues if the cases proceed separately; however, there is a great potential for confusion of the facts and legal issues if the cases are consolidated as they will inherently have different factual and legal issues. Further, precedent established by prior courts, while admittedly not binding on this Court, considered identical arguments, and ruled against consolidation. For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Aetna's Motion to Consolidate for any purpose.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying consolidation of the four lawsuits subject to Defendant's Motion to Consolidate. Respectfully submitted this 6th day of August 2021.

> **Lubell | Rosen,**
> *Attorneys for Plaintiff*
> Lubell | Rosen
> Museum Plaza, Suite 900
> 200 S. Andrews Ave.
> Ft. Lauderdale, FL 33301
> Tel: (954) 880-9500
>
>
> By:___/s/ *Patrick R. Sullivan*_____
>      Patrick R. Sullivan, Esquire
>      Fla. Bar No.: 114135
>      Email: PRS@lubellrosen.com
>      Mark L. Rosen, Esquire

E-Mail: MLR@lubellrosen.com
Sean B. Linder, Esquire
E-Mail: SBL@lubellrosen.com
Amber L. Ruocco, Esquire
Email: ALR@lubellrosen.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 6, 2021, the foregoing document is being electronically filed with the Clerk of Court using CM/ECF and is being served on all counsel of record identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

**Lubell | Rosen,**
*Attorneys for Plaintiff*
Lubell | Rosen
Museum Plaza, Suite 900
200 S. Andrews Ave.
Ft. Lauderdale, FL 33301
Tel: (954) 880-9500


By:    /s/ Patrick R. Sullivan
    Patrick R. Sullivan, Esquire
    Fla. Bar No.: 114135
    Email: PRS@lubellrosen.com
    Mark L. Rosen, Esquire
    E-Mail: MLR@lubellrosen.com
    Sean B. Linder, Esquire
    E-Mail: SBL@lubellrosen.com
    Amber L. Ruocco, Esquire
    Email: ALR@lubellrosen.com


**CERTIFICATE OF GOOD FAITH CONFERENCE**

In accordance with S.D. Fla. L.R. 7.l (a)(3), counsel for Plaintiff has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the instant motion

13

but the parties have not been able to agree.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on all counsel or parties of record on the Service List below by electronic service using CM/ECF.

## SERVICE LIST

David J. DePiano
Fox Rothschild LLP
777 S. Flagler Dr., Suite 1700
West Palm Beach, FL 33401
Tel: (561) 835-9600
Fax: (561) 835-9602
Email: ddepiano@foxrothschild.com
*Counsel for Defendant*