UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-22472-JEM (Martinez/Becerra)

LARKIN EMERGENCY PHYSICIANS, LLC, a Florida Corporation (o/b/o Member # W236761281),

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, a Foreign Corporation,

    Defendant.

_____/

**AETNA LIFE INSURANCE COMPANY'S RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Defendant, Aetna Life Insurance Company, ("ALIC") opposes Plaintiff's Motion for Remand [D.E. 9][1] because (1) Plaintiff's Complaint expressly alleges in Counts I and II that it seeks recovery as the assignee of an undisputedly ERISA-governed[2] health benefits plan and (2) ALIC's notice of removal, including the accompanying supporting affidavit, undisputedly establish that the "aggregate underpayment" for which Plaintiff seeks recovery is the result of a coverage denial "because one or more services [Plaintiff] submitted for reimbursement were not

---

[1] There are four nearly identical matters pending before this Court. On July 23, 2021, ALIC filed a pending motion to consolidate these four matters. In further support of ALIC's position that these matters are substantially similar and would be more efficiently and effectively heard as a single consolidated matter, ALIC notes that all four notices of removal and all four of Plaintiff's remand motions are substantively identical. Accordingly, ALIC will file this opposition in this matter and the other three.

[2] As used in this opposition, "ERISA" means the Employee Retirement Income Security Act of 1974.

covered under [the ERISA] health benefit plan." Accordingly, because both prongs of the *Davila* test for complete ERISA pre-emption are met, Plaintiff's Motion for Remand should be denied. In further support of denying Plaintiff's Motion for Remand, ALIC states the following.

### INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

1. Plaintiff asserts that it is a hospital based provider who seeks to recover between several hundred and a few thousand dollars in additional *aggregate* reimbursement – beyond what Defendant and the patient already paid – for services it claims it provided as part of a procedure rendered on a member of a health benefits plan associated with ALIC.

2. A hospital based provider, like Plaintiff purports to be here, is a medical professional who works at a facility and is not acting as a practitioner independent from that facility. For the purpose of these claims (and beyond), hospital based providers are not chosen by the patient – instead, they are employed by a facility, which assigns the hospital based providers to the patient as a matter of course and without consulting the patient.[3] As a result, "[a] member may utilize out-of-network [hospital based providers] unknowingly while receiving care at a network hospital." Florida Staff Analysis, H.B. 221 (Feb. 21, 2016), *3 (quoting from the section entitled *Balance Billing*).

3. Hospital based providers often take advantage of the patient's lack of options to charge unconscionably high amounts for their services. In the present matter, in addition to billing unreasonably high rates for its services, Plaintiff also billed for certain services as part of the subject procedure that *were not covered benefits* under the member's undisputedly ERISA-

---

3. Examples of hospital based providers are "radiologists, anesthesiologists pathologists, and increasingly emergency room physicians," along with other providers who "come with" the facility but are not chosen by the patient. *See, e.g.,* Florida Staff Analysis, H.B. 221 (Feb. 21, 2016),*3 (quoting from the section on *Balance Billing*).

governed health benefits plan. *See* Notice of Removal [D.E. 1], ¶¶ 9, 14 (quoting Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶¶ 7–9).[4]

4. Plaintiff's primary complaint is that the "aggregate sum" billed for all "services" it allegedly provided as part of the subject procedure was not paid in full. *See, e.g.,*, Compl. [D.E. 1-2 at 6–18], ¶ 27.

5. The aggregate sum was not paid in part because Plaintiff submitted bills for some services that were covered <u>and</u> some services that were not covered benefits. *See* Notice of Removal [D.E. 1], ¶¶ 9, 14 (quoting Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶¶ 7–9).

6. Given that Plaintiff now seeks recovery of the entire "***aggregate sum*** . . . [it billed] for the services rendered to [each] Member," including amounts billed for services that were denied for lack of coverage, this suit ***necessarily*** involves a ***coverage dispute***. *See, e.g.,* Compl. [D.E. 1-2 at 6–18], ¶ 27 (emphasis added); *see also* Notice of Removal [D.E. 1], ¶¶ 9, 14 (quoting Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶¶ 7–9).

7. Consistent with this, the Complaint's first count[5] expressly alleges that ALIC breached the ERISA-governed health benefits plan by not paying the full aggregate sum Plaintiff

---

4. A removing party may submit and the Court should consider "affidavits, declarations, or other document" in support of its removal. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 609 F. 3d 744, 755 (11th Cir. 2010); *see also La Ley Rec. Sys.-OB, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 2014 WL 5524392, *2 & *3 (S.D. Fla. Oct. 31, 2014) (reviewing evidence of an assignment that contradicted an allegation in the complaint in support of denying motion for remand) (citing *Sierminski v. Transouth Fin. Corp.*, 216 F. 3d 945 (11th Cir. 2000) ("[T]here is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition.").

5. Plaintiff's Complaint asserts three counts. Count I is for breach of the ERISA-governed health benefits plan, which Plaintiff purports to bring as the assignee of the plan benefits. Count II appears to assert a direct action under Florida Statute Section 641.513, but it expressly claims that this duty is *also* somehow incorporated into the ERISA plan – which again implicates coverage decisions under ERISA. Count III attempts to allege entitlement to recovery under a

billed. *See* Compl. [D.E. 1-2 at 6–18], ¶¶ 34–52. Similarly while the second count purports to be a direct action based on certain Florida Statutes, it expressly alleges that those statutes are "statutorily incorporated into Defendant's and Member's Policy." *See* Compl. [D.E. 1-2 at 6–18], ¶ 59.

8. Plaintiff alleges it has standing to bring its claims for breach of the ERISA-governed health benefits plan because "Member executed a written assignment of benefits assigning to Plaintiff certain benefits payable pursuant to the Policy and also authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on behalf of member." *Id.* at ¶ 39.

9. Accordingly, based on the allegations in the Complaint and record evidence in support of removal, this matter is completely pre-empted by ERISA because Plaintiff brought this suit as the assignee of an ERISA-governed plan beneficiary seeking a determination that certain denied services should have been covered.

10. As discussed in more detail below, Plaintiff's Motion for Remand should therefore be denied.[6]

---

quasi-contract theory. While it is clear that all three counts implicate ERISA complete pre-emption, there are fatal pleading flaws in each (including an unfounded attempt to comingle contractual and statutory claims). Accordingly, ALIC reserves the right to move to dismiss or otherwise address these pleadings flaws once the removal and consolidation issues are addressed.

6. Plaintiff filed 22 small claims matters against ALIC and one of its subsidiaries between March and May of this year. ALIC carefully reviewed the allegations in all 22 matters, including the claims for reimbursement that were necessarily incorporated into each of those complaints. That review confirmed that 4 of the small claims matters involved coverage denials (as opposed to underpayments for covered services) and were therefore pre-empted by ERISA. In addition to this matter, Case No.'s 1:21-cv-22473-JEM, 1:21-cv-22474-JEM and 1:21-cv-22475-JEM were removed on July 9, 2021. The other three matters are also pending before this court, involve the same parties and counsel, raise the same legal questions, and are focused on substantially similar facts and circumstances.

**PLAINTIFF'S CLAIMS ARE COMPLETELY PRE-EMPTED BY ERISA AND ITS MOTION FOR REMAND SHOULD BE DENIED BECAUSE ALL THREE THEORIES OF RECOVERY SEEK TO OVERTURN ERISA-GOVERNED PLAN COVERAGE DENIALS**

On July 9, 2021, ALIC removed this matter based on complete federal pre-emption under ERISA because Plaintiff's Complaint expressly challenges coverage denials concerning benefits in an ERISA-governed health benefits plan. Plaintiff's Motion for Remand does not dispute that the *Davila* test noted in ALIC's Notice of Removal is the appropriate standard. Instead, it argues that the *Davila* test supports remand based on factual arguments that ignore its own allegations. The Motion for Remand otherwise fails to address the allegations and supporting declaration in ALIC's Notice of Removal.

Specifically, Plaintiff's Motion for Remand claims that it is not seeking plan benefits – despite expressly suing for breach of the ERISA-governed health benefits plan in Count 1 of its Complaint, and despite claiming that the statutory duties referenced in Count II are "statutorily incorporated into [the ERISA plan]. *See* Compl. [D.E. 1-2 at 6–18], ¶¶ 34–52; *id*. at ¶ 59. Plaintiff also argues that it seeks recovery *only* on duties that are somehow independent from the ERISA-governed plan – despite expressly alleging that all duties arise from or are incorporated into that plan. *See* Compl. [D.E. 1-2 at 6–18], ¶ 41 (**Count I**) ("Sections 627.64194 and 627.6131 are statutorily incorporated into Defendant's and Member's [ERISA-governed] Policy."), ¶ 59 (**Count II**) ("Sections 627.64194 and 641.513 are statutorily incorporated into Defendant's and Member's [ERISA-governed] Policy."). Finally, Plaintiff argues for remand by merely concluding that it seeks to recover a higher "rate of pay" without any regard to whether it has any "right to payment" under the ERISA-governed health benefits plan. But it does so without even acknowledging that

the record establishes that any "aggregate" underpayment is at least partly the result of certain services within the subject claim being denied for lack of coverage.[7]

In making these conclusory and unsupported arguments, Plaintiff concedes that the test articulated by the United States Supreme Court in *Davila* should be applied to determine whether the claim is completely pre-empted. *See, e.g.,* Motion for Remand [D.E. 9 at 6]; *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209–211 (2004); *see also Attilus v. Emblemhealth Admin., Inc.*, 233 F. Supp. 3d 1341, 1346 (S.D. Fla. Feb. 9, 2017) (Applying *Davila* test to determine whether ERISA complete pre-emption applies) (Martinez, J. adopting report and recommendation from Goodman, J.). Under *Davila*, claims are completed pre-empted if: (A) the plaintiff *could* have brought the suit under ERISA's civil enforcement provision and (B) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. As discussed below, both of the *Davila* factors support removal based on complete ERISA pre-emption; Plaintiff's Motion for Remand should be denied.

### A. *Plaintiff's Allegations Establish That It Could Have Brought A Claim Under ERISA Because It Seeks To Overturn Coverage Denials As An Alleged Assignee Of Benefits In An Undisputedly ERISA-Governed Plan*

The first question posed by *Davila* in assessing complete pre-emption is whether the claimant, at some point in time, could have brought his or her claim under ERISA § 502(a)(1)(B). *Davila*, 542 U.S. at 210. This part of the test is satisfied if two requirements are met: (1) the claims as stated fall within the scope of ERISA; and (2) the claimant has standing to bring a claim to enforce a health plan's terms under ERISA. *Connecticut State Dental Assoc. v. Anthem Health*

---

[7]. *See* Notice of Removal [D.E. 1], ¶¶ 9, 14 (quoting Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶¶ 7–9).

*Plans, Inc.*, 591 F. 3d 1337, 1350 (11th Cir 2009). Each prong of the *Davila* test is analyzed below -- both support a finding of pre-emption here.

1. <u>Plaintiff's Claims Fall Within The Scope Of ERISA</u>

"Medical providers can bring two types of claims against insurers: 'those challenging the 'rate of payment' pursuant to the provider-insurer agreement, and those challenging the 'right to payment' under the terms of an ERISA beneficiary's plan.'" *Gables Ins. Rec., Inc. v. Blue Cross and Blue Shield of Fla., Inc.*, 110 F. Supp. 3d 1259, 1264 (11th Cir. 2015) Where a claimant asserts a "right to payment" claim pursuant to an ERISA-governed health benefits plan -- or where the complaint asserts "[h]ybrid claims that challenge both the right to payment and rate of payment" – the claim falls within the scope of ERISA for the purposes of complete pre-emption. *Id.* at 1264 (11th Cir. 2015) (citing *Conn State Dental*, 591 F. 3d at 1351).

In Count I of the Complaint, Plaintiff expressly seeks recovery for an alleged breach of the ERISA-governed health benefits plan. *See* Compl. [D.E. 1-2 at 6–18], ¶¶ 34–52; *see also* Notice of Removal [D.E. 1], ¶ 11 ("the plan Plaintiff put at issue was established by employers to furnish medical benefits plans for their employees and are therefore 'employee welfare benefit plans' within the meaning of ERISA") (quoting Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶ 9). Similarly, though Count II of the Complaint purports to be a direct action based on a statute, Plaintiff alleges that the statutory duty is "statutorily incorporated into Defendant's and Member's [ERISA-governed] Policy." *See* Compl. [D.E. 1-2 at 6–18], ¶ 59.

In the general allegations, the Complaint claims that Plaintiff seeks recovery of the "aggregate sum" that was billed for all services associated with the subject procedure. Compl., ¶ 27. Plaintiff artfully attempts in its Motion for Remand to frame its claim as one focused on recovering the appropriate "rate" – as opposed to an entitlement to payment. But the record is

undisputed that "the aggregate amount billed by [Plaintiff] was not paid, at least in part, because one or more of the services [Plaintiff] submitted for reimbursement were not covered under those members' (*i.e.*, the patients') health benefit plans." *See* Notice of Removal [D.E. 1], ¶ 9 ("Aetna's review of the claims materials referenced in and, by necessity, incorporated into the Complaint confirm that the 'aggregate' underpayment about which Plaintiff complains is the result of a coverage denial for at least one of the services Plaintiff included in its submission for reimbursement.") (citing Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶¶ 7–8). Plaintiff seeks an award of the *entire aggregate sum* "for the total medical services provided [as part of the subject procedure.]" *See, e.g.,* Compl. [D.E. 1–2 at 6–18], ¶¶ 27–28. Thus, Plaintiff's claims *necessarily* involve a coverage dispute – challenging ALIC's benefits denial pursuant to an ERISA-governed health benefits plan's terms.

Accordingly, Plaintiff's claims here are solely "right to payment" claims, or at best hybrid claims seeking a finding of both entitlement and a higher rate. The first element therefore falls in favor of complete pre-emption under *Gables Ins. Rec.* 110 F. Supp. 3d at 1264 (citing *Conn State Dental*, 591 F. 3d at 1350–51).

2. *Plaintiff Has Standing To Bring An ERISA Claim As Alleged Assignee Of ERISA-Governed Plan*

"A 'participant or beneficiary' may bring a civil action under ERISA 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Gables Ins. Rec.*, 110 F. Supp. 3d at 1265 (citing 29 U.S.C. § 1132(a)(1)(B)). "Typically, healthcare providers are not considered beneficiaries or participants under ERISA and 'thus lack standing to sue under the statutes." *Gables Ins. Rec.,* 110 F. Supp. 3d at 1265. But healthcare providers may derive standing by

"obtain[ing] a written assignment of claims from a patient with standing to sue under ERISA." *Id*. (citing *Borrero*, 610 F. 3d at 1301–02.).

Here, Plaintiff expressly alleges it is entitled to recovery for an alleged breach of the ERISA-governed health benefits plan pursuant to an "executed . . . ***written assignment of benefits*** assigning to Plaintiff certain benefits payable pursuant to the [ERISA-governed] Policy and also authorizing direct payment to Plaintiff of any insurance benefits otherwise payable to or on behalf of Member." *See* Compl. [D.E. 1-2 at 6–18], ¶ 39 (emphasis added).

Thus, in addition to its claim falling within the scope of ERISA, Plaintiff has also alleged facts that, if taken as true, would give it standing to bring its express claim to enforce the plan's terms within the scope of ERISA. The first prong of the *Davila* test therefore falls in favor of removal.

B. ***Plaintiff's Allegations Make Clear That It Intends To Raise Coverage Questions That Relate To The ERISA-Governed Plan's Benefits And Do Not Relate To Any Independent Duty From That Plan***

If a party is suing under an obligation created by the plan itself, then it is subject to complete pre-emption. *Lone Star OB/GYN Assocs. v. Aetna health Inc.*, 579 F. 3d 525, 531 (5th Cir. 2009). The first count in Plaintiff's Complaint expressly seeks recovery under the undisputed ERISA-governed health benefits plan. *See* Compl. [D.E. 1-2 at 6–18], ¶¶ 34–52; *see also* Compl., ¶ 51 ("As a result, Defendant is in breach of ***its Policy with the Member*** to which Plaintiff is both a third-party beneficiary and an assignee.") (emphasis added); *see also see also* Notice of Removal [D.E. 1], ¶ 11 ("the plan Plaintiff put at issue was established by employers to furnish medical benefits plans for their employees and are therefore 'employee welfare benefit plans' within the meaning of ERISA") (quoting Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶ 9). Similarly, in Count II, although Plaintiff identifies Section 627.64191

and 641.513 as the basis for recovery, it specifically alleges that those authorities "are statutorily incorporated into Defendant's and Member's [ERISA-governed] Policy." Compl. [D.E. 1-2 at 6–18], ¶ 59. And in both Counts I and II, Plaintiff seeks recovery of attorneys' fees – which are only available if Plaintiff were suing to *enforce the terms of an insurance policy* (and not based on an independent duty). *See, e.g.,* Compl. [D.E. 1-2 at 6–18], ¶ 52 (seeking recovery of attorneys' fees based on Fla. Stat. §627.428, which provides for recovery of attorneys fees *only* "[u]pon rendition of a judgment or decree . . . against an insurer and in favor of any named . . . beneficiary under a policy.").[8] Thus, on the face of the Complaint, Plaintiff is seeking to overturn coverage denials based on ALIC's interpretation of the ERISA-governed health plan's terms – there is no independent duty.[9]

Ignoring its own allegations in at least Counts I and II that expressly implicate coverage determinations under ERISA-governed plan benefits, Plaintiff conveniently concludes in its Motion for Remand that its Complaint should be remanded because the express breach-of-the-plan counts somehow arise from an independent duty. Specifically, Plaintiff theorizes that because Fla. Stat. §§ 627.64194 and 641.513 create a private right of action in favor of providers like Plaintiff, the duty giving rise to its theories for recovery is independent from the plan itself.[10] But this

---

8. The Complaint also claims entitlement to recovery of fees based on Fla. Stat. § 627.6131. That section imposes a prompt payment requirement into certain insurance contracts, the implications of which are not in controversy in this suit. In any event, it does not address fee shifting.
9. ALIC disputes that these statutes are incorporated into the ERISA-governed health benefits plan. It reserves the right to address these issues in a motion to dismiss, as part of its affirmative defenses, or through other appropriate avenues.
10. As noted above, Defendant disputes that these statutes are incorporated into the member's health benefits plan. *See*, *supra*, note 9. But based on **Plaintiff's allegations**, this matter is completely pre-empted by ERISA because *Plaintiff contends* that ALIC is liable to it for breach of the member's ERISA plan based on those statutory duties being incorporated into the ERISA plan.

theoretical argument on remand is ***expressly contradicted*** by the allegations in Plaintiff's Complaint. Plaintiff alleges entitlement to additional payment because of a breach of the ERISA-governed health benefits plan (Count I) and breach of statutes it contends are incorporated into the ERISA-governed health benefits plan (Count II). *See* Compl. [D.E. 1-2 at 6–18], ¶ 41 (**Count I**) ("Sections 627.64194 and 627.6131 are statutorily incorporated into Defendant's and Member's [ERISA-governed] Policy."), ¶ 59 (**Count II**) ("Sections 627.64194 and 641.513 are statutorily incorporated into Defendant's and Member's [ERISA-governed] Policy."). And ALIC confirmed that "the aggregate amount billed by [Plaintiff] was not paid, at least in part, because one or more of the services [Plaintiff] submitted for reimbursement were not covered under those members' (*i.e.*, the patients') health benefit plans." *See* Declaration of John L. Privet, which is attached to the Notice of Removal as Exh. 3 at ¶ 8.

The authorities cited by Plaintiff in support of remand based on an "independent theory" duty are all based on claims that differ significantly from those at bar. For example, the complaint in *Orthopedic Care Specialists, P.L. v. Blue Cross & Blue Shield of Fla., Inc.*, 2013 WL 12095594 (S.D. Fla. Mar. 5, 2013) sought recovery "for unjust enrichment/quantum meruit and payments due under § 641.513(5)" <u>without</u> any claim that those duties were incorporated into the ERISA-governed health benefits plan. Similarly, in *Merkle v. Health Options, Inc.*, 940 So. 2d 1190 (Fla. 4th DCA 2006), there were <u>no allegations</u> that the ERISA-governed health benefits plan itself contained the duties sued upon. In those cases, the Courts found that "complete pre-emption" would not apply to pre-empt claims that, on their face, did not implicate an ERISA-governed health benefits plan. *Accord Emergency Servs of Zephyrhills, P.A., et al., v. Coventry Health Care of Fla., Inc.*, 281 F. Supp. 3d 1339, 1341–42 (S.D. Fla. April 5, 2017); *accord Hialeah Anesthesia Specialists, LLC et al., v. Coventry Health Care of Fla., Inc.*, 258 F. Supp. 3d 1323, 1326 (S.D.

Fla. June 29, 2017). In contrast, Plaintiff's Complaint here attempts to expressly implicate the ERISA-governed health benefits plan in Counts I and II by alleging that the duties upon which it sues are "statutorily incorporated into the [ERISA-governed] Policy" -- and it seeks reversal of a coverage denial via a quasi-contract claim in Count III.[11]

Accordingly, as pled, Plaintiff seeks recovery under an undisputedly ERISA-governed health benefits plan. Plaintiff's Motion for Remand should be denied.

## CONCLUSION

Plaintiff expressly alleges entitlement to recovery based on duties it contends are part of an ERISA-governed health benefits plan. It alleges that it has standing to bring these claims because the plan-member executed a written assignment of plan benefits in favor of Plaintiff. And the reason for the alleged "aggregate" underpayment on the entire procedure is undisputedly at least in part due to a denial of certain services billed as part of that procedure. Thus, Plaintiff's claims fall within the scope of ERISA and it has standing to bring those claims. And given that Plaintiff expressly seeks recovery for an alleged breach of the ERISA-governed health benefits plan, any argument that its claim is based on an independent duty is without merit. Accordingly, based on the foregoing, Plaintiff's Motion for Remand should be denied.

---

11. This subjects the quasi-contract claim to complete pre-emption under ERISA because Plaintiff *could have* brought a claim seeking this relief under ERISA. *See*, *supra*, § A.

Dated: August 11, 2021
West Palm Beach, FL

Respectfully submitted,

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.
Florida Bar No. 55699
E-Mail:  ddepiano@foxrothschild.com
CAMERON A. BAKER, ESQ.
Florida Bar No. 125825
E-Mail:  cbaker@foxrothschild.com
Fox Rothschild LLP
777 S. Flagler Dr., Suite 1700
West Palm Beach, Florida 33401
Telephone:      (561) 835-9600
Facsimile:      (561) 835-9602

*Attorneys for Defendant Aetna Life Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2021, the foregoing document is being electronically filed with the Clerk of Court using CM/ECF and is being served on all counsel of record identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.

## **SERVICE LIST**

*Larkin Emergency Physicians, LLC (o/b/o Member W#236761281)*
*v. Aetna Life Insurance Company*
Case No.: 1:21-cv-22472-JEM (Martinez/Becerra)
United States District Court, Southern District of Florida

| | |
|---|---|
| Patrick R. Sullivan, Esq.<br>E-Mail: prs@lubellrosen.com<br>Mark L. Rosen, Esq.<br>E-Mail: mlr@lubellrosen.com<br>Sean B. Linder, Esq.<br>E-Mail: sbl@lubellrosen.com<br>Lubell ǀ Rosen<br>Museum Plaza, Suite 900<br>200 S. Andrews Ave.<br>Ft. Lauderdale, FL  33301<br>Tel:   (954) 880-9500<br>Fax:  (954) 755-2993<br>Attorneys for Plaintiff<br>*Via CM-ECF* | David J. DePiano, Esq.<br>E-Mail: ddepiano@foxrothschild.com<br>Cameron A. Baker, Esq.<br>E-Mail: cbaker@foxrothschild.com<br>Fox Rothschild LLP<br>777 S. Flagler Dr., Suite 1700<br>West Palm Beach, FL 33401<br>Tel:   (561) 835-9600<br>Fax:   (561) 835-9602<br>Attorneys for Defendant<br>*Via CM-ECF* |