UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-22472-JEM (Martinez/Becerra)

LARKIN EMERGENCY PHYSICIANS, LLC, a Florida Corporation (o/b/o Member # W236761281),

        Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY, a Foreign Corporation,

        Defendant.
_____/

**AETNA LIFE INSURANCE COMPANY'S REPLY SUPPORTING CONSOLIDATION OF FOUR MATTERS PENDING IN THE SOUTHERN DISTRICT OF FLORIDA THAT INVOLVE COMMON QUESTIONS OF LAW AND FACT**

Defendant, Aetna Life Insurance Company, ("ALIC") replies in support of entry of an Order granting ALIC's Motion To Consolidate Four Matters Pending In The Southern District Of Florida That Involve Common Questions Of Law And Fact [D.E. 6] and in opposition to Plaintiff's Response [D.E. 13] ("Plaintiff's Opposition").[1] These substantially similar matters should be consolidated because they assert the *exact same counts*, are between the *exact same parties*, and involve nearly identical factual disputes. Plaintiff's Opposition attempts to distract from the fact that consolidation would promote judicial efficiency by making unsupported, conclusory allegations that consolidation would somehow "expand the scope" of these matters and by pointing to red herrings related to HIPAA. As explained in more detail below, these distractions should be disregarded, and this Court should exercise its discretion to consolidate these four matters. In further support of consolidating the four substantially similar matters, ALIC states the following.

## INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

1. Plaintiff seeks recovery of *additional reimbursement* for a procedure it allegedly provided to a member (*i.e.*, a patient) of one of ALIC's ERISA-governed health benefits plans – beyond what ALIC and the patient already paid for the portion of the related services that were covered benefits.

2. Plaintiff's claims in this matter are far from unique. In spring and early summer of this year, Plaintiff brought 22 claims against ALIC and one of its affiliates – all of which seek *identical relief* based on the *same legal theories* and *substantially similar factual allegations*.

---

[1] The four matters that should be consolidated are: *Larkin Emergency Physicians, LLC (o/b/o Member W#236761281) v. Aetna Life Insurance Company*, Case No. 1:21-cv-22472-JEM; *Larkin Emergency Physicians, LLC (o/b/o Member W#236761651) v. Aetna Life Insurance Company*, Case No. 1:21-cv-22473-JEM; *Larkin Emergency Physicians, LLC (o/b/o Member W#244793877) v. Aetna Life Insurance Company*, Case No. 1:21-cv-22474-JEM; and *Larkin Emergency Physicians, LLC (o/b/o Member W#236761343) v. Aetna Life Insurance Company*, Case No. 1:21-cv-22475-JEM.

3. Eleven of those small claims matters were brought against ALIC specifically in May 2021.[2] All 11 suits brought against ALIC are based on the <u>same form complaint</u>. They all allege the same three causes of action. And they all seek additional reimbursement for procedures Plaintiff claims it provided to members of health benefits plans associated with ALIC.

4. After reviewing the medical reimbursement claims incorporated into each of those claims, ALIC Removed four of the actions to this Court because they involved coverage denials under ERISA-governed health benefits plans and they were therefore completely pre-empted by ERISA. *See* ALIC's notice of removal [D.E. 1]; *see also* ALIC's opposition to Plaintiff's motion for remand [D.E. 15].

5. After removal, ALIC promptly moved to consolidate the four pre-empted matters on July 23, 2021. *See* D.E. 6.

6. The four matters that ALIC seeks to have consolidated are all pending before this court. *See* Orders transferring the other three matters to this court [D.E. 7, Case No. 1:21-cv-22473-JEM; D.E. 8, Case No. 1:21-cv-22474-JEM; and D.E. 9, Case No. 1-21-cv-22475-JEM].

7. Plaintiff's Opposition attempts to avoid consolidation by emphasizing or fabricating minor differences between these nearly identical matters. Even if true, these minor differences would not have any meaningful impact on judicial efficiency or the reduction of burden on the parties that would result from consolidation. Ignoring that both the Plaintiff and Defendant in each of these matters are the same party in all four actions (regardless of consolidation), and that both parties already obtain, retain and exchange protected health information related to all four matters, it also hopes to manufacture HIPAA concerns related to consolidation.

---

2. The other 11 claims were brought against ALIC's independent affiliate.

8. In contrast to Plaintiff's convenient arguments in its Opposition, Plaintiff served 18 sets of *identical written discovery* in the state matters. This undisputedly shows that both parties are aware that the factual issues in dispute are substantially similar. In the same vein, Plaintiff also filed four *identical* motions to remand the four federally pre-empted matters.[3] *See* motions for remand [D.E. 9, Case No. 1:21-cv-22472-JEM; D.E. 6, Case No. 1:21-cv-22473-JEM; D.E. 9, Case No. 1:21-cv-22474-JEM; and D.E. 10, Case No. 1-21-cv-22475-JEM].

9. As discussed in more detail below, consolidating these four matters would serve the parties and this Court in terms of judicial efficiency and reducing the burden and the likelihood of inconsistent rulings and verdicts.

### FOUR NEARLY IDENTICAL DISPUTES SHOULD BE CONSOLIDATED

As explained in ALIC's motion to consolidate [D.E. 6], consolidation is appropriate here because it will promote judicial efficiency, reduce the burden on the parties, and reduce the likelihood of inconsistent outcomes throughout the litigation through to verdict. On the other hand, despite Plaintiff's conclusory and unsupported allegations to the contrary, consolidation does not pose any risk to either party's substantive rights nor could it negatively implicate HIPAA concerns where four disputes are all between a single provider and a single third-party payor like ALIC. Each of these points favor consolidation and each are discussed in more detail below.

#### A. *Consolidation Will Promote Judicial Efficiency & Reduce Burden*

The four matters that should be consolidated are all based on the ***same form complaint***. As such, they all assert the same three counts: (1) an express claim for breach of an ERISA-governed health plan; (2) an independent claim for breach of inapplicable Florida Statute § 641.513 (which

---

[3] Rather than having to address each of these matters individually in duplicative hearings, these types of efforts would be more efficiently completed in a single consolidated action, which would result in less burden on the parties and a lower likelihood of inconsistent outcomes.

plaintiff also improperly attempts to comingle with the plan in each matter); and (3) a claim for unjust enrichment that seeks to overturn a benefits denial. Plaintiff's Opposition does not and cannot dispute that it used four form complaints in its Opposition. And there can be no dispute that these matters "involve common question of law," which in and of itself satisfies the requirement for consolidation under Fed. R. Civ. P. 42(a).

Moving past the undisputed overlapping legal issues, the four disputes involve the ***same*** healthcare provider who provided services at the ***same facility*** in each matter under substantially similar circumstances. *See, e.g.,* Compl. [D.E. 1-2 at ¶ 9], *see also* Compl., ¶ 15. Consolidating these matters will allow the parties to consider using a single expert to discuss matters identified in Plaintiff's Opposition, including the medical necessity (*i.e.*, whether all services performed as part of the subject procedure were covered benefits) and the usual and customary rate for the subject medical services. Since all four disputes concern claims at the same facility, nonparty discovery may also be completed more efficiently in a single matter – rather than forcing the parties (and possibly the court) to address the same issues four times. And the parties already discussed and agreed that several fact witnesses would overlap, including any witnesses involved in Plaintiff's billing procedures, the development of its chargemaster, and others.

In any event, since all four matters involve the same legal issues, they will certainly have overlapping discovery issues. Plaintiff cannot dispute that discovery issues will overlap because it already served 18 sets of ***identical written discovery*** in the nearly identical state court matters.[4] Given the likelihood that the parties will have disputes over the appropriate scope of discovery,

---

4. ALIC and one of its affiliate companies have pending motions to consolidate the 18 state court matters, but those motions have not yet been heard. While those motions are pending, Plaintiff served 18 identical sets of discovery in each of those matters. These matters are also based on the same form complaint; only the four that were removed involved claims denials (as opposed to mere alleged underpayments), so the remaining claims were not completely pre-empted for the purpose of removal.

these overlapping issues will likely lead to overlapping discovery motion practice. This, too, will be more efficiently and consistently judged in a single, consolidated matter.

For these and the other reasons noted in ALIC's motion to consolidate [D.E. 6], consolidation would promote judicial efficiency, reduce the burden on the parties throughout discovery and trial, and reduce the likelihood of inconsistent outcomes. ALIC's motion to consolidate should be granted on these grounds alone.

### B. *Authority Cited In Plaintiff's Opposition Supports Consolidation*

In an effort to distract from the obvious benefits of consolidation, Plaintiff desperately points to several authorities that are either distinguishable or support consolidation in its Opposition. The first authority Plaintiff cites in its Opposition is *Orange & Blue Construction, Inc. v. Evanston Ins. Co.*, 2020 WL 6323906, *2 (S.D. Fla. March 12, 2020). But because the *Orange & Blue* case contemplates circumstances that are meaningfully different from the present matter, it should not be considered persuasive authority here.

The defendant in *Orange & Blue* asked the court to consolidate two different insurance coverage disputes, which involved ***different insurance policies*** and ***different defendants***. The *Orange & Blue* court declined to consolidate because "[b]oth cases require a separate determination as to whether plaintiff is covered by a [different] subcontractor's insurance policy. . . . [and because] [e]ach case involved ***different subcontractors, insurers and insurance policies***." *Id*. at *2 (emphasis added). In contrast, Plaintiff here is the ***same*** hospital based provider in each action; ALIC is the ***same*** health benefits policy administrator in each matter; all services allegedly occurred in the ***same*** department of the ***same*** healthcare facility; the allegedly "statutorily incorporated" term at issue is ***identical*** in each matter; and the matters share common questions of law and fact (*i.e.*, whether these claims are "Emergency Services and Care" under Florida law, the

appropriate "usual and customary rate" for these services, etc.). Accordingly, *Orange & Blue* is distinguishable and does not stand in the way of consolidating the four pre-empted claims.

Plaintiff also feebly attempts to distinguish *Hendrix* and minimize the impact of the Southern District's *sua sponte* consolidation of three matters raising the same issues as those presented here in *Vanguard*. The *Hendrix* court consolidated actions that had *less in common* than the four pre-empted matters that are the subject of ALIC's motion to consolidate. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F. 2d 1492, 1495 (11th Cir. 1985). While this case involves the same parties in each instance, *Hendrix* consolidated 44 matters brought by 44 different personal injury plaintiffs – even though some of those plaintiffs were making direct claims and others were brought by spouses of decedents who were allegedly exposed to asbestos. And while each plaintiff or decedent in *Hendrix* allegedly suffered from asbestos-exposure related ailments, each presented different evidence surrounding his or her varying degrees of and mechanisms for "exposure to asbestos dust." *Id.* at 1495. There were also differences between the parties' comparative negligence – for example, some of the Plaintiffs testified to being heavier smokers than others. *Id*. at 1496.

Plaintiffs there argued that these differences were substantial because it would be difficult for the jury to follow the evidence and make these distinctions. The trial court nevertheless consolidated the matters while taking steps to ensure that juror confusion was reduced – including providing the jurors separate notebook for each plaintiff, use of cautionary instructions, and other measures. *Id.* In affirming the trial court's decision to consolidate, the Eleventh Circuit identified the case as "the kind of tort claims a court should consider consolidating [because it] saved appellants from wasteful relitigation, avoided duplication of judicial effort, and did not materially prejudice appellants' rights." *Id*. at 1496.

Here, even more than in *Hendrix*, there are sufficient overlapping issues of law and fact such that consolidation would benefit the parties and promote judicial efficiency. These overlapping issues include the ***identity of parties across all four matters***, the ***same legal theories*** in all four form complaints, and the provision of services under similar circumstances in the ***same department of the same facility***. *See, e.g.,* Compl. [D.E. 1-2 at 3-6], ¶ 12-33. The parties have already discussed the likelihood that many witnesses will overlap, including experts on medical necessity (*i.e.*, coverage under the ERISA-governed plan) and usual and customary rates, as well as fact witnesses who will testify about how Plaintiff set its billed rates for the subject services in all four pre-empted matters. Accordingly, just in like *Hendrix*, these matters will be more efficiently litigated if consolidated – and any risk of juror confusion or other unfair prejudice can be alleviated by, among other actions, cautionary instructions to the jury. *See also Gainor v. Bryan Holdings, LLC*, 2009 WL 10668297, *2 (S.D. Fla. Sept. 2 2009) ("[B]y consolidating the actions, the Plaintiffs and Defendant . . . will now only have to appear once rather than twice. Furthermore, consolidating the two cases promotes judicial efficiency because the same witnesses would likely be used in both trials and the Court would not be faced with redundant proceedings.").

Plaintiff's attempt to reduce the persuasiveness of the Southern District of Florida's recent order consolidating three cases *even though* those matters involved the ***exact same factual and legal issues*** as those raised in this dispute is equally unavailing. In *Vanguard Aesthetic Plastic Surgery, PLLC v. Aenta Life Insurance Company*, Judge Altman *sua sponte* consolidated three matters concerning payments made for the alleged provision of emergency services to members of health plans associated with ALIC. S.D. Fla. Case No. 0:20-cv-61666-RKA (Altman/Hunt) (S.D. Fla. Dec. 14, 2020).[5] In those cases, Vanguard alleged it was an on-call provider in several

---

5.  One of the Vanguard matters was pending before this Court. It was transferred to Judge Altman's docket for the purpose of consolidating the similar matters. *See Vanguard Aesthetic Plastic*

Broward County healthcare facilities' emergency departments. It claimed that it was entitled to additional benefits pursuant to the same Florida Statutes that are referenced in Plaintiff's case. And the issues in dispute were identical to those that will be litigated here – were several claims "Emergency Services and Care" under Florida law and, if so, determining the appropriate rate of reimbursement for those services. *See* Consolidated Compl. in S.D. Fla. Case No. 0:20-cv-61666-RKA (Altman/Hunt) [D.E. 35].[6] Put another way, Vanguard put forward the same controversy as the one at bar and the Southern District recognized that there were efficiencies that could be derived from consolidation. This Court should exercise its discretion to consolidate the four matters Plaintiff brough against ALIC here to similarly promote judicial efficiency while reducing burden and the potential for inconsistent rulings and verdicts.

Finally, Plaintiff desperately points to orders denying consolidation in two dissimilar matters – but it does so without providing any analysis explaining how these matters were at all analogous to the suits at bar. Those orders are attached to Plaintiff's Opposition as Exhibits A and C. *See* Plaintiff's Opposition [D.E. 13-1 & 13-2]. In both instances, the courts that denied consolidation noted that different Florida Statutes are at play in the varying cases. They also found that there were different insurance policy terms, physicians and other distinguishing aspects between those matters that do not favor consolidation. D.E. 13-1 & 13-3. But unlike the circumstances contemplated in those orders, the matter here involves the same Florida Statutes in

---

*Surgery, PLLC v. Aetna Life Insurance Company*, Case No. 0:20-cv-61979-RKA [D.E. 23] (S.D. Fla. Dec. 11, 2020)

6.  Judge Altman ordered consolidation but expressly left either party with the option of "filing a future motion for separate trials under Fed.R.Civ.P. 42(b)." Should any of the issues raised by Plaintiff become significant enough to try the matters separately – after trial preparation is completed in a consolidated action – Plaintiff would have the opportunity to file a motion for separate trials under Fed.R.Civ.P. 42(b). This affords the parties the best opportunity to benefit from consolidation while still leaving open the opportunity for discussion should any issues with consolidation arise during the pre-trial phase of the consolidated litigation.

all four matters. To be sure, they each allege the ***exact same*** three causes of action as part of a shared form complaint. Thus, all four pre-empted matters assert the exact same theories of recovery, without exception. Similarly, Plaintiff is the same medical provider group that rendered all services at issue in all four matters. And Plaintiff's primary theory is that there are terms that are "statutorily incorporated" into all four plans at issue.[7] *See, e.g.,* Compl. [D.E. 1-2 at 3-6], ¶¶ 41 & 59. Thus, unlike the circumstances contemplated in Exhibits A and C to Plaintiff's Opposition, there are not different physician groups involved -- and the alleged health benefits plan "terms" in controversy are necessarily identical in all four matters. Since the physician group is the same here in all four matters, the methods for pricing its claims are not only the same, but they were likely developed and implemented by the same individuals employed by Plaintiff. All in all, the disputes contemplated in the orders attached to Plaintiff's Opposition are distinguishable and should not be considered persuasive authority. Thus, the precedent cited in Plaintiff's Opposition is either distinguishable or favors consolidation here.

C. ***Consolidation Will Not Negatively Implicate HIPAA***

Moving past the benefits of consolidation, Plaintiff next argues that consolidating these matters – which are all between a single hospital based healthcare provider and one third-party payor who *already has access to all four pre-empted medical claims* – could somehow negatively impact HIPAA concerns. Plaintiff provides no analysis in support of this mere conclusion – and for good reason: there is none. Both parties deal with, store and exchange medical records in the normal course of business. And according to Plaintiff's Complaint, protected health information about ***all four claims to be consolidated*** were already exchanged between these very parties. *See, e.g.,* (in all four matters) Compl. [D.E. 1-2 at ¶ 26 ], *see also* Compl., ¶ 27. And any experts retained

---

6. ALIC disputes that these terms are incorporated into its plans as a matter of Florida law.

Fox Rothschild LLP
Attorneys for Defendant Aetna Life Insurance Company
9

by either party would necessarily have to become subject to a HIPAA qualified protective order whether they are provided one or four patients' protected health information.[8] Thus, Plaintiff's HIPAA argument is a red herring and should be disregarded.

## CONCLUSION

Based on the foregoing, this Court should exercise its discretion in consolidating these four pre-empted matters into a single action.

Dated:  August 13, 2021　　　　　　　　　Respectfully submitted,
　　　　　West Palm Beach, FL

　　　　　　　　　　　　　　　　　　　　　*s/ David J. DePiano*
　　　　　　　　　　　　　　　　　　　　　DAVID J. DePIANO, ESQ.
　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 55699
　　　　　　　　　　　　　　　　　　　　　E-Mail:  ddepiano@foxrothschild.com
　　　　　　　　　　　　　　　　　　　　　CAMERON A. BAKER, ESQ.
　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 125825
　　　　　　　　　　　　　　　　　　　　　E-Mail:  cbaker@foxrothschild.com
　　　　　　　　　　　　　　　　　　　　　Fox Rothschild LLP
　　　　　　　　　　　　　　　　　　　　　777 S. Flagler Dr., Suite 1700
　　　　　　　　　　　　　　　　　　　　　West Palm Beach, Florida 33401
　　　　　　　　　　　　　　　　　　　　　Telephone:     (561) 835-9600
　　　　　　　　　　　　　　　　　　　　　Facsimile:      (561) 835-9602

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Aetna Life Insurance Company*

---

8. And by using one expert to provide streamlined testimony in all four matters, rather than having a single expert appear at four different trials, the parties will be reducing the trial time for these consolidated matters versus if they were tried separately.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2021, the foregoing document is being electronically filed with the Clerk of Court using CM/ECF and is being served on all counsel of record identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ David J. DePiano*
DAVID J. DePIANO, ESQ.

## SERVICE LIST

*Larkin Emergency Physicians, LLC (o/b/o Member W#236761281)*
*v. Aetna Life Insurance Company*
Case No.: 1:21-cv-22472-JEM (Martinez/Becerra)
United States District Court, Southern District of Florida

| | |
|---|---|
| Patrick R. Sullivan, Esq. | David J. DePiano, Esq. |
| E-Mail: prs@lubellrosen.com | E-Mail: ddepiano@foxrothschild.com |
| Mark L. Rosen, Esq. | Cameron A. Baker, Esq. |
| E-Mail: mlr@lubellrosen.com | E-Mail: cbaker@foxrothschild.com |
| Sean B. Linder, Esq. | Fox Rothschild LLP |
| E-Mail: sbl@lubellrosen.com | 777 S. Flagler Dr., Suite 1700 |
| Lubell ׀ Rosen | West Palm Beach, FL 33401 |
| Museum Plaza, Suite 900 | Tel:   (561) 835-9600 |
| 200 S. Andrews Ave. | Fax:   (561) 835-9602 |
| Ft. Lauderdale, FL  33301 | Attorneys for Defendant |
| Tel:   (954) 880-9500 | *Via CM-ECF* |
| Fax:  (954) 755-2993 | |
| Attorneys for Plaintiff | |
| *Via CM-ECF* | |